# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **United States of America** | ) |
| | ) |
| | ) No. 20 CR 280 |
| v. | ) |
| | ) Judge Andrea R. Wood |
| **Tahkisha Hodge** | ) |
| | ) |

### TAHKISHA HODGE'S PLEA DECLARATION

The defendant, **Tahkisha Hodge**, after consultation with her attorney, **Geoffrey M. Meyer**, acknowledges and states the following:

1. She has been charged by indictment with one count of conspiracy to commit an offense against the United States, in violation of Title 18, United States Code, Section 371. Specifically, Ms. Hodge is charged with conspiracy to take and carry away with the intent to steal money exceeding $1,000 in value belonging to, and in the care, custody, control, management, and possession of PNC Bank, National Association, in violation of Title 18, United States Code, Section 2113(b).

2. She has read the charge against her contained in the indictment, and that charge has been fully explained to her by her attorney.

3. She fully understands the nature and elements of the crime with which she has been charged.

4. She will enter a voluntary plea of guilty to the indictment in this case.

**FACTUAL BASIS**

5. Ms. Hodge will plead guilty because she is in fact guilty of the charge contained in the indictment. More specifically, Ms. Hodge admits the following facts and acknowledges that those facts establish her guilt beyond a reasonable doubt:

On the night of June 1, 2020, and into the morning of June 2, 2020, the City of Chicago was experiencing its third straight night of civil unrest related to the murder of George Floyd. Beginning at approximately 1:50 a.m., on June 2, 2020, a group of people began to gather outside the PNC Bank branch located at 8700 South Cottage Grove, Chicago, Illinois. Over the course of the next 40 minutes this group grew from about four people to over a dozen, and included Paris Mickle and Tahkisha Hodge. The group agreed to break into the PNC Bank ATM located outside the PNC Bank, in order to steal the United States currency stored in the ATM.

In furtherance of this agreement, multiple people tried to open the ATM by pulling it open or prying it open with a crowbar. They were unsuccessful. Then Mr. Mickle used a small blow torch to attempt to break into the ATM. This attempt was also unsuccessful. Someone then connected one end of a chain to a sedan and the other end of the chain to the ATM, and another person drove the sedan away in order to attempt to break into the ATM. This, too, was unsuccessful. Members of the group then repositioned the chain in the ATM and attached the other end of the chain to Ms. Hodge's SUV. Ms. Hodge drove

the SUV away from the ATM in an attempt to open it. This was also unsuccessful. The police then arrived and the group scattered.

Ms. Hodge acknowledges that at the time of the overt acts of the conspiracy, the PNC Bank located at 8700 South Cottage Grove, Chicago, Illinois, was insured by the Federal Deposit Insurance Corporation.

**POTENTIAL PENALTIES**

6. Ms. Hodge understands that this charge carries a maximum incarceration sentence of five years, a maximum fine of $250,000, and a potential term of supervised release of not more than three years. Ms. Hodge further understands that there is no mandatory prison sentence for this offense and that it may be punished by a period of up to five years of probation.

7. Ms. Hodge understands that pursuant to Title 18, United States Code, Section 3663A, the Court must order restitution to the victims of the offense in an amount to be determined by the Court.

8. Ms. Hodge understands that in accord with federal law, Title 18, United States Code, Section 3013, upon entry of judgment of conviction, she will be assessed $100 on the count to which she has pled guilty, in addition to any other penalty imposed.

9. Ms. Hodge understands that, at the sentencing hearing, the Court will be guided by the United States Sentencing Guidelines. She understands that the guidelines are no longer mandatory, but are advisory only, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C.

§ 3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guideline range. Ms. Hodge understands that the applicable sentencing guideline range is one factor which this Court is required to take into consideration under 18 U.S.C. § 3553(a)(4), along with the other required factors under § 3553(a).

10. Ms. Hodge and her attorney acknowledge that any guidelines calculations they have discussed are preliminary in nature and based on facts known to them at the time of this plea declaration. Ms. Hodge understands that the probation office and the government will conduct their own investigations and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculations.

11. Errors in the calculation or interpretation of any of the guidelines may be corrected by Ms. Hodge prior to sentencing. She may correct these errors or misinterpretations by submitting a statement to the probation office and/or Court, setting forth the disagreement as to the correct guidelines and their application.

12. Ms. Hodge reserves the right to request a downward departure or variance on any grounds she deems appropriate. She understands that any decision to depart or vary from the applicable guidelines lies solely with the discretion of the Court.

## TRIAL RIGHTS AND APPELLATE RIGHTS

13. Ms. Hodge understands that by pleading guilty she surrenders certain rights, including the following:

(a) If Ms. Hodge persisted in a plea of not guilty to the charges against her, she would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. Ms. Hodge has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, Ms. Hodge, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Ms. Hodge and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that Ms. Hodge is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond reasonable doubt.

(c) If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not she was persuaded of Ms. Hodge's guilt beyond a reasonable doubt.

(d) At trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against Ms. Hodge. Ms.

Hodge would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, Ms. Hodge could present witnesses and other evidence in her own behalf. She would be under no obligation to do so, however, because she is presumed to be innocent and, therefore, need not prove her innocence. If the witnesses for Ms. Hodge would not appear voluntarily, she could require their attendance through the subpoena power of the court.

(e) At a trial, Ms. Hodge would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify. If Ms. Hodge desired to do so, she could testify in her own behalf.

14. Ms. Hodge understands that by pleading guilty she is waiving all the rights set forth in the prior paragraph. Ms. Hodge's attorney has explained those rights to her, and the consequence of her waiver of those rights. Ms. Hodge further understands that she is waiving all appellate issues that might have been available if she had exercised her right to trial, and only may appeal the validity of this plea of guilty, the effectiveness of counsel, and the sentence.

### LIMITATIONS AND CONSEQUENCES OF THIS PLEA DECLARATION

15. Ms. Hodge understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of her conduct regarding the charges against her, and related matters, including all matters in aggravation and mitigation relevant to the

issue of sentencing. Ms. Hodge further understands that she and her attorney will be able to present evidence in mitigation at sentencing.

16. Ms. Hodge understands that at the time of sentencing, she and her attorney, and the government, will be free to make their respective recommendations to the Court as they believe are appropriate.

17. Should the Court refuse to accept Ms. Hodge's plea of guilty, this Plea Declaration shall become null and void and she will not be bound thereto. It is Ms. Hodge's position that, should the Court decline to accept her plea, Ms. Hodge withdraws her plea of guilty pursuant to Rule 11 of the Federal Rules of Criminal Procedure. Additionally, pursuant to Rule 11(f) and Federal Rule of Evidence 410, this Plea Declaration and the ensuing court proceedings would be inadmissible in later court proceedings.

18. If accepted, Ms. Hodge agrees that this Plea Declaration shall be filed and become a part of the record of the case.

19. Ms. Hodge and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce her to plead guilty. Ms. Hodge further acknowledges that she has read this Plea Declaration and carefully reviewed each provision with her attorney.

Signed this 14th day of July, 2021

_____
Tahkisha Hodge
Defendant

Federal Defender Program
John F. Murphy,
Executive Director

By:_____
Geoffrey M. Meyer
Attorney for Tahkisha Hodge

FEDERAL DEFENDER PROGRAM
55 East Monroe Street, Suite 2800
Chicago, IL 60603
(312) 621-8300